IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FITZGERALD,<br><br>　　　　Movant/Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | 8:07-cr-00279-RWP-FG3<br><br><br><br>**ORDER** |

　　　Before the Court is Michael Fitzgerald's pro se motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. The Government has filed a Response to the Motion, asking that the Motion be denied because it is time barred and because Fitzgerald's claims for relief are without merit (ECF No. 35). The 28 U.S.C. § 2255 motion is denied for the reasons that follow.

　　　**I. Background**

　　　On August 22, 2007, a federal indictment was entered, charging Fitzgerald with threatening to assault and murder a United States Judge in violation of 18 U.S.C. 115(a)(1)(B)[1]. On February 6, 2008, Fitzgerald signed a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C). Pursuant to that agreement, Fitzgerald was sentenced to 77 months

---

[1] Under 18 U.S.C. 115(a)(1)(B), "the key is whether the defendant intentionally communicated the threat...not that the threat was credible or could be immediately carried out." United States v. Bell, 207 F. Supp.2d 940, 942 (S.D. Iowa 2002). Whether a statement may properly be considered a threat is governed by an objective standard–whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." United States v. Schiefen, 139 F.3d 638, 639 (8th Cir. 1998). See also, United States v. Miller, 340 Fed.Appx. 335 (7th Cir. 2009)(18 U.S.C. 115(a)(1)(B) "prohibits *making* a threat; it is irrelevant whether the defendant intended to carry out the threat.").

imprisonment, followed by three years supervised release.

Fitzgerald filed no direct appeal.[2] On March 9, 2010, he filed this 2255 motion. Fitzgerald contends counsel was ineffective and his plea was involuntary, because at the time of the plea proceedings he "was refused his perscribed(sic) medication." He states that as a result of not being able to take his medications he was "mentally unstable and subject to audio and visual halucinations (sic)." Fitzgerald states that counsel failed to acknowledge obvious signs of mental illness[3]. He also contends that he never received the "discovery, P.S.I., or sentencing papers; violating due process."

The Government asks that the Motion be dismissed. They contend the record contradicts Fitzgerald's current allegations, and that Fitzgerald has failed to allege a sufficient basis for relief. In support, they submit the affidavit of Assistant Federal Public Defender Shannon P. O'Connor, who represented Fitzgerald during the plea proceedings. In addition, they cite to statements Fitzgerald made during the plea proceedings in response to questioning by the Court.

**II. Analysis**

A movant is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief.

---

[2]Fitzgerald's plea agreement contained a waiver of certain appeal rights and a waiver of his right to file any proceedings under 28 U.S.C. § 2255 except the right to seek relief based on ineffective assistance of counsel if the grounds for such a claim could not be known by the Defendant at the time of the plea proceedings.

[3]Fitzgerald cites only the letter forming the basis of the indictment as a sign of mental illness of which counsel would have been aware. Fitzgerald does not allege he exhibited any behavior that interfered with his communications with counsel, or which would have alerted counsel that any hallucinations were occurring.

28 U.S.C. § 2255; <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir.1985).   It is settled law that the entry of an unconditional guilty plea waives all challenges to the prosecution of a crime, except those related to jurisdiction.  <u>United States v. Winheim</u>, 143 F.3d 1116, 1117 (8th Cir. 1998).   Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary."  <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989).

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings." <u>Id</u>.  A § 2255 petition can be dismissed without a hearing "if (1) the movant's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  <u>Buster v. United States</u>, 447 F.3d 1130, 1132 (8th Cir. 2006)(quoting <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003)(internal quotations and citation omitted).   Consistent with that standard and the nature of this record, Fitzgerald's § 2255 motion is denied without an evidentiary hearing for the reasons that follow.

Fitzgerald contends counsel was ineffective in failing to recognize his unstable mental status.  He contends counsel should have requested a competency hearing.  He contends that because of the ineffectiveness of counsel in recognizing his mental status and in failing to obtain discovery materials, his plea was involuntary.

To prevail on a claim that trial counsel provided constitutionally ineffective assistance, a petitioner must show (1) counsel's representation was deficient, and (2) the deficiency was

3

prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Prejudice is demonstrated with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court need not address both components of the test if a petitioner makes an insufficient showing on one of the prongs. Id. at 697.

Fitzgerald has failed to show that counsel performed deficiently or that he was prejudiced by any of the alleged errors of counsel. The statutory maximum sentence for violating 18 U.S.C. 115(a)(1)(B) is 120 months. Fitzgerald signed a plea agreement stipulating to a sentence of 77 months.

Fitzgerald challenges counsel's performance and his plea based on his contention that he was suffering from mental illness at the time he entered the plea. "Even if suffering from a disease, a defendant's plea is valid if the record demonstrates that he understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily." United States v. Rollins, 552 F.3d 739, 741 (8th Cir. 2009). "A defendant is competent if he possesses a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'has a rational as well as factual understanding of the proceedings.'" United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006)(quoting Dusky v. United States, 362 U.S. 402 (1960)(percuriam)).

Although Fitzgerald states that while he was in the Omaha, Nebraska jail, he was "mentally unstable and subject to audio and visual hallucinations," he does not state when or if

he actually experienced hallucinations or state how the mental illness interfered with his ability to understand the plea proceedings.   Counsel for Fitzgerald has signed an affidavit stating that during the time he represented him,  Fitzgerald related no mental health issues to him.   The affidavit states that Fitzgerald appeared quite lucid and showed no signs that he was incompetent to stand trial or was suffering from any mental handicap that could be used as a defense and/or mitigation in his case.  At the plea proceedings, the Court asked Fitzgerald whether he had ever been treated for mental illness, and Fitzgerald responded, "No, sir."   Fitzgerald denied having any medical disorder.   This Court listened to  Fitzgerald's statements and observed his demeanor and made a finding that "based upon my listening to you here today and your demeanor, my –my observing you, I believe you're fully competent."

     Fitzgerald's current motion contends he was mentally unstable during the plea proceedings.  He fails, however, to state how any symptoms he suffered interfered with his understanding of the proceedings.  In addition, as noted above, Fitzgerald's representations during the plea proceedings  carry a strong presumption of truth.  Fitzgerald's representations during the plea proceedings, counsel's observations during representation of Fitzgerald, and this Court's observations during the plea proceedings confirm the Court's prior determination that at the time of his plea, Fitzgerald was competent to enter a plea, possessed a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and had 'a rational as well as factual understanding of the proceedings.'  Fitzgerald's current allegations are insufficient to overcome that record.   His plea was voluntary.   Counsel was not ineffective in failing to request a competency hearing.

Fitzgerald makes the additional claim that his plea was not fully voluntary because he made the plea without access to discovery materials or the Presentence Investigation. Counsel for Fitzgerald stated at the plea proceedings, however, that he had full access to the discovery materials. Fitzgerald stated that he was fully satisfied with his attorney's performance. Fitzgerald waived preparation of a Presentence Investigation Report. He signed a plea agreement which contained a stipulated sentence.

Fitzgerald failed to raise this claim on direct appeal, and does not state how access to any further discovery materials would have changed the result of his case. His claim for relief therefore must be denied.

### III. Conclusion

For the reasons stated above, Fitzgerald's request for relief is denied.[4] The case is dismissed.

Dated this ___11th___ day of April, 2012.

*Robert W. Pratt*
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

---

[4] The Court does not reach the issue of the timeliness of this § 2255 motion. Plaintiff concedes that his petition was filed outside the one year time limitation for filing a 2255. He states that since sentencing, he has been "mentally ill....could not understand and was not in the right state of mind to appeal his judgment and sentence." Mental illness may provide grounds for equitable tolling of the statute of limitations if a petitioner demonstrates that it interfered with his ability to appreciate his position and make rational decisions regarding his case at the time during which he should have pursued post-conviction relief. Bowersox v. Holt, 191 F.3d 970, 974 (8th Cir. 1999). The record as to Fitzgerald's post-sentencing mental status is not developed enough for determination of this issue, and the Court therefore makes no determination as to the timeliness of the motion.